U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

DEC - 5 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **WILLARD J. ORTEGO AND BEVERLY ORTEGO** | : | **DOCKET NO. 07-1909** |
| VS. | : | JUDGE TRIMBLE |
| **STATE FARM FIRE & CASUALTY COMPANY** | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a "Motion for Partial Summary Judgment" (doc. #17) filed by defendant State farm Fire & Casualty Company ("State Farm"), wherein the mover seeks judgment in its favor as to the applicability of Louisiana Revised Statute 22:658.

## FACTUAL STATEMENT

Plaintiffs' home was damaged by Hurricane Rita on September 24, 2005. The home was insured by State Farm. State Farm made its last payment to the homeowners on April 12, 2006. Plaintiffs filed the instant suit on September 24, 2007 alleging that "[t]he amount of State Farm's adjustment gave Plaintiff no opportunity to conduct all the needed repairs caused by the storm. In addition, State Farm undervalued the Plaintiffs' claim for loss of use, personal property and outside structures."[1]

Plaintiff sent two letters to State Farm as proof of loss of their additional living expenses and lodging costs on September 24, 2006. State Farm did not pay for these losses. Cost Control services performed an inspection and report dated October 16, 2007 which provided additional proof of loss.

---

[1] Petition for Damages and Statutory Penalties, ¶ 3.

The report was provided to State Farm.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[2] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[3] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[4] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[5] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[6] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[7] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[8] If the evidence

---

[2] Fed. R.Civ. P. 56(c).

[3] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

[4] *Stewart v. Murphy,* 174 F.3d 530, 533 (5th Cir. 1999).

[5] *Vera v. Tue,* 73 F.3d 604, 607 (5th Cir. 1996).

[6] *Anderson,* 477 U.S. at 249.

[7] *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).

[8] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

is merely colorable, or is not significantly probative, summary judgment may be granted."[9]

## LAW AND ANALYSIS

Plaintiffs are seeking attorneys fees and penalties pursuant to Louisiana Revised Statute § 22:658. The Louisiana Legislature amended the statute, effective August 15, 2006, which now permits an award of attorneys' fees and increases potential penalties from 25% to 50%. State Farm has filed the instant motion for partial summary judgment requesting that this Court find that all of Plaintiff's claims arose before the § 22:658 penalty provisions were amended because Plaintiffs' cause of action arose prior to the amendment. Thus, Sate Farm submits that if it is held liable under § 22:658, the new amended version of the statute would not apply, and Plaintiffs would be limited to potentially only to a 25% penalty and no attorneys fees.

State Farm argues that the latest date for which the alleged breach of the statutory duties could potentially entitle Plaintiffs to these specific statutory penalties is the date of its last payment, April 12, 2006. Thus, Plaintiffs would have first accrued the right for penalty awards under Louisiana Revised Statute § 22:658 within either thirty (30) or sixty (60) days of April 12, 2006, the date of proof of loss.

In *Sher v. Lafayette Ins. Co.,*[10] the court held that the § 22:658 statutory amendment could not be applied retroactively. Plaintiff also concedes this. More significantly, in determining whether the insurer could be potentially held liable under the new amended version of § 22:658, the Court made the following discussion:

Here, although an insurer has a continuing duty of good faith and fair dealing which

---

[9] *Anderson*, 477 U.S. at 249-50.

[10] 988 So.2d 186 (La. 4/8/2008).

3

extends through the litigation period, the claim first arose prior to the amendment of R.S. 22:658. Because the duty is a continuing one, had plaintiff not first made satisfactory proof of loss prior to the amendment of R.S. 22:658, his petition for damages served after the amendment became effective could have served as satisfactory proof, thereby triggering the time period set forth in the statute and could have subjected Lafayette (insurer) to the penalties contained in the amendment because the claim would have first arisen *after* the amendment. Further, again *because the duty is a continuing one, had plaintiff made satisfactory proof of loss prior to the amendment and had Lafayette paid that claim, and had plaintiff discovered new damage and made satisfactory proof which Lafayette failed to pay within the time period contained in the statute, but after the amendment became effective, Lafayette could have been subject to the penalties contained in the amendment because the claim would have arisen after the effective date of the amendment.* (emphasis added)

Plaintiffs maintain that State Farm's actions or inactions which are the cause of this lawsuit occurred after the effective date of the new version of the statute. Plaintiffs assert that they sent a September 24, 2006 letter to State Farm informing the insurer of their additional living expenses.[11] Plaintiffs argue that this information triggered State Farm's obligation to investigate the claim and either pay this claim or explain why it was not doing so.

Plaintiffs also assert that they sent a demand letter dated October 24, 2007 accompanied with the Cost Control Services Report of the same date. The report documented that almost $30,000.00 was still owed by State Farm. Plaintiffs argue that the report would be considered "satisfactory proof of the loss." Plaintiffs argue that the additional living expenses as well as the damages assessed in the report are new damages that were discovered after the effective date of the amendment, August 15, 2006.

Plaintiff must present evidence that creates a genuine issue of fact for trial as to whether or not the additional living expenses and /or the additional damages were actually new damages that

---

[11] On that same date, Plaintiffs submitted documentation to support their lodging costs.

were discovered after the effective date of the amendment and for which no prior proof of satisfactory loss had been submitted in order for the amended statute to apply.

The letter dated September 24, 2006,[12] attempts to settle with State Farm the Plaintiffs' claim for food and lodging expenses for the time they were out of their home due to Hurricane Rita for the "months of November 2005 through June 2006."[13] "The determinative point in time separating prospective from retroactive application of an enactment is the date the cause of action accrues."[14] Plaintiffs made a satisfactory proof of loss on November 15, 2006. The letter does not state that the claim is a new claim, but attempts to settle a claim for food and lodging expenses that occurred from November 2005 through June 2006. The "Footnotes to Lodging Living Expenses Spreadsheet" states that "[w]e (Plaintiffs) previously filed . . . with State Farm on November 15, 2005, a claim for out of pocket expenses."[15] The Footnotes further provide that the November 15, 2005 claim was inadequate and incomplete.[16] Because the cause of action for living expenses are not new, but accrued prior to the August 15, 2006 effective date of the amended statute, the amended statute would not be applicable to this claim.

Plaintiffs maintain that the amended statute should apply to additional damages that it alleges is owed by State Farm. Plaintiffs submit as summary judgment evidence a letter dated October 24, 2007 to State Farm from Plaintiff's counsel. The letter informs State Farm that pursuant to the Cost

---

[12] Plaintiffs' exhibit A.

[13] *Id.*

[14] *Cole v. Celotex*, 599 So.2d 1058 (La.1992).

[15] Plaintiff's exhibit B.

[16] *Id.*

5

Control Services, LLC report dated October 17, 2007, an additional cash value of $29,403.56 is due and owing by State Farm.[17] Even though the letter informs State Farm that additional money is owed, the letter does not state whether those damages are new damages discovered after August 15, 2006 for which no prior satisfactory proof of loss had been made. On January 2006, Plaintiffs submitted their proof of loss and demanded payment for the damage to their dwelling.[18] Pursuant to that claim, State Farm made a payment on or about April 12, 2006. The letter submitted by Plaintiffs fails to establish that they discovered new damage after August 15, 2006 for which no prior claim had been made.[19]

## CONCLUSION

Based on the foregoing, the motion for partial summary judgment will be granted.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 5th day of December, 2008.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[17] Plaintiffs' exhibit D.

[18] Defendant's exhibit A.

[19] See *Sher*, 988 So.2d at 199.